IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Lawyers Title Insurance Corp.** | § § § | |
| vs. | § § § § | CIVIL ACTION NO. _____ |
| **Veritas Title Partners, L.P.** | § § | |

## ORIGINAL COMPLAINT

Lawyers Title Insurance Corporation ("Lawyers Title") makes complaint against Veritas Title Partners, L.P. ("Veritas Title") as follows:

### Parties

1. Lawyers Title is a Nebraska Corporation with its principal place of business in Jacksonville, Florida.

2. Veritas Title is a Texas Limited Partnership with its principal place of business in Houston, Texas. Veritas Title's registered agent for service of process is Richie & Gueringer, P.C., located at 100 Congress Avenue, Suite 1750, Austin, Texas 78701.

### Venue

3. This lawsuit arises from a contract which is performed, in whole or in part, in Houston, Harris County, Texas. Therefore, venue is proper in the Houston Division of the United States District Court for the Southern District of Texas.

### Jurisdiction

4. This Court has diversity jurisdiction as the amount in controversy exceeds $75,000 and the parties' citizenship is diverse. The court has personal jurisdiction over this defendant, as its principal place of business is in Houston, Harris County, Texas.

280325.1

## Factual Background

5.  This lawsuit arises from the failure of Veritas Title to uncover and disclose two tax liens which caused a loss to Lawyers Title. On or about December 1, 2005, Lawyers Title entered into a written agreement with Veritas Title (the "Agency Agreement").[1] Pursuant to the Agency Agreement, Veritas Title would serve as an agent on behalf of Lawyers Title for the purpose of issuing title insurance commitments, policies and endorsements.[2] The Agency Agreement framed the obligations of Veritas Title, including compliance by Veritas Title with Lawyers Title's requirements that Veritas Title would conduct a search and examination of title to property and clear any and all objections or exceptions prior to binding Lawyers Title to the issuance of a title insurance commitment.[3] Moreover, Veritas Title agreed, as a part of its responsibility under the agreement, that it would be liable to and indemnify Lawyers Title in the event that Lawyers Title incurred any loss, cost or expense as a result of any negligence of Veritas Title. In sum, under the Agency Agreement it was the obligation of Veritas Title to carefully search and review the real property records as well as any other documentation to uncover any possible title problems, or other issues, prior to binding Lawyers Title to a title commitment.

6.  In 2006 a limited partnership known as TTSF #1, L.P. ("TTSF") entered into negotiations to sell a property located at 9901 Club Creek, Houston, Texas (commonly referred to as the Emerald Island Apartments)[4] to a buyer, White Palace, L.P. ("White Palace"). Although the details of the underlying transaction are complex,[5] the bottom line is that the parties

---

[1] A copy of the agreement, titled "Title Insurance Agency Agreement", is attached as Exhibit A.
[2] See p.1, Para I.
[3] See p. 2, Additional Terms and Conditions, Para. 2(b).
[4] The Emerald Island Apartments are in what is commonly referred to as the Westwood area, being in close proximity to the now-defunct Westwood Country Club.
[5] It appears from the documentation that the parties were in the process of consummating a tax-deferred property exchange which was closed on or about July 31, 2006. In addition, the buyer would (and did) assume the debt
280325.1

2

contemplated a transfer of real property from TTSF to White Palace with Veritas Title serving as the settlement agent.[6] As a part of its function in the deal, Veritas Title would be the agent for the issuance of a title insurance policy in its role as the issuing agent for Lawyers Title. It was the responsibility of Veritas Title to conduct a thorough examination of the relevant records to determine whether there were possible title problems, including but not limited to tax liens. Veritas Title caused Lawyers Title to issue a title insurance policy on the Emerald Island Apartments and the sale was closed on or about the effective date of July 31, 2006.

7.  TTSF failed to pay the 2005 ad valorem taxes due and owing on the Emerald Island Apartments. Well prior to the closing of the sale, two tax liens were filed and recorded in the real property records of Harris County: $46,304.84 by Harris County and $61,559.61 by Alief I.S.D. An entity by the name of RETax Funding, L.P. ("RETax") acquired these tax liens by virtue of an assignment and transfer.[7] TTSF, being apparently unable to meet its tax obligations, obtained a loan from RETax as evidenced by a promissory note and deed of trust which was also recorded in the real property records of Harris County on July 3, 2006 (long before the closing of the sale).[8] The total amount of the promissory note, including interest, fees and closing costs was $112,153.96. Since tax liens take superior priority to all other liens, including purchase money loans, the deed of trust filed of record by RETax took priority over the loan (and assumption by the buyer) then existing on the Emerald Island Apartments.

8.  A cursory review of the Harris County real property records would have shown a multitude of filings that would have quickly and easily led to a discovery of the tax liens as well as the deed of trust granted in favor of RETax. Veritas Title failed to uncover the tax liens, the

---

obligations of the seller as a part of a loan assumption agreement. None of these details change the basic transaction: TTSF sold a piece of real estate to White Hall.

[6] A copy of the Escrow Agreement is attached as Exhibit B.

[7] A copy of the recorded transfer of lien is attached as Exhibit C. The tax transfer lien is filed as matter of public record in the real property records of Harris County.

[8] A copy of the recorded deed of trust is attached as Exhibit D.

280325.1

tax transfer assignment and lien, as well as the deed of trust granted in favor of RETax. For approximately two years TTSF made payments as scheduled on the tax promissory note until the summer of 2008, when it ceased making payments altogether. RETax then accelerated the note and posted the Emerald Islands Apartment property for foreclosure. Since RETax's lien position was superior to that of the underlying lender, Lawyers Title had no choice other than to meet the demands of RETax to prevent the extinguishment of the lien position of the underlying lender as well as loss of the property by the buyer, White Palace. Lawyers Title paid a total of $119,946.11, said amount constituting the outstanding principal balance, costs, fees and interest to pay off the RETax loan.[9]

9.  It was the responsibility of Veritas Title to detect and disclose the existence of the tax liens and the deed of trust filed of record by RETax. The failure by Veritas Title to do so was negligence on its part which caused Lawyers Title to incur a loss in the amount of $119,946.11, exclusive of attorneys fees, costs and interest. Lawyers Title made demand upon Veritas Title to fulfill its obligations but, as of the date of the filing of this lawsuit, Veritas has failed and refused to reimburse Lawyers Title for the loss it suffered.

### Causes of Action and Request for Relief

10.  As described above, the action or inaction of Veritas Title constitute breach of the Agency Agreement. Specifically, the Agency Agreement requires Veritas Title to conduct a search of the real property records and list all exceptions or objections to title, tax liens being an obvious example of Veritas Title's failure in that regard. Further, it is the obligation of Veritas Title to indemnify Lawyers Title for any negligence by Veritas Title; again, the failure to uncover and disclose the tax liens (and the transfer, and the deed of trust) constituting such negligence. The breach of the Agency Agreement caused Lawyers Title to incur a loss in the

---

[9] A copy of the check evidencing payment is attached as Exhibit E.
280325.1

4

amount of $119,946.11, exclusive of attorneys fees, costs and interest, for which Lawyers Title seeks recovery.

11.   Pleading further and/or in the alternative, Veritas Title was negligent in failing to uncover and/or uncover the existence of the two tax liens, the tax transfer lien and the deed of trust. This negligence was the proximate cause of the loss incurred by Lawyers Title in the amount of $119,946.11, exclusive of fees, costs and interest, for which Lawyers Title seeks recovery.

12.   In addition, after making demand upon Veritas Title, Lawyers Title was forced to retain the undersigned counsel to prosecute this lawsuit. Pursuant to §38.001 of the Texas Civil Practice & Remedies Code, Lawyers Title is entitled to the recovery of its attorneys incurred in bringing this action for which it seeks recovery.

Wherefore, Lawyers Title prays that, upon trial of this matter, it be granted judgment against Veritas Title in the amount of all damages, whether special or general, incurred by Lawyers Title, as well as all fees, costs, interest (whether pre- or post-judgment) as allowed by law and for any such further relief to which it may be entitled.

Respectfully submitted,

By: /s/ *S. David Smith*
S. David Smith
Fed. ID No. 14233
Texas Bar No. 18682550
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 335-2136
Facsimile: (713) 520-1025
ATTORNEY IN CHARGE FOR LAWYERS TITLE GROUP, INC.

OF COUNSEL:
Dwayne Danner
McGlinchey Stafford, PLLC
2711 N. Haskell Avenue
Dallas, Texas 75204
Telephone: (214) 257-1700
Facsimile: (214) 257-1818

280325.1